UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                            Plaintiff,

                                                                         <u>DECISION AND ORDER</u>

                                                                          05-CV-6128L

                            v.

BEVERLY J. MOORE, a/k/a Beverly J. Kellar,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC., as nominee for Household Financial Services,
GEORGE KELLAR,

                            Defendants.
_____

      This is mortgage foreclosure action brought by the United States to foreclose a mortgage executed by defendant Beverly Moore and recorded on March 8, 1978, to secure a promissory note covering certain real property in Chemung County, New York. Defendant Mortgage Electronic Registration Systems, as nominee for Household Financial Services ("Mortgage Electronic"), is the holder of a second mortgage on the property, recorded on January 21, 2000.

      A Judgment of Foreclosure and Sale was filed by the Court on July 18, 2005, authorizing the sale of the property by the United States Marshal at public auction. (Dkt. #13). The total indebtedness was $54,431.01. On November 30, 2005, after due notice, the property was sold at auction in accordance with the terms set forth in the Judgment, to Applegate Development, LLC, for $70,000. On December 19, 2005, defendant Mortgage Electronic filed a Notice of Claim to surplus monies. (Dkt. #15).

      On February 8, 2006, the United States Marshal filed a Report of Sale setting forth the disposition of the proceeds of such sale. The Report provides that, after paying the amounts directed

in the Judgment from the proceeds of such sale, including the debt owed on the note, with interest, and the expenses relating to the sale, there remained a surplus of $10,228.16.

Defendant Mortgage Electronic now moves for confirmation of the report of sale and for distribution of the surplus monies. (Dkt. #18, #19). Curiously, Mortgage Electronic filed two motions approximately twenty days apart that are somewhat similar in form[1] and that seek the same relief. Mortgage Electronic claims that its lien is next in priority after the foreclosed mortgage, and that it is owed $39,650.24 as second mortgagee. Mortgage Electronic claims entitlement to the whole of the surplus money, $10,228.16.

Mortgage Electronic's motions are denied for two reasons. First, the motions are untimely. Pursuant to N.Y. REAL PROP. ACTIONS & P. § 1355(2), a motion to confirm a Report of Sale that shows surplus money cannot be made within three months of the filing of the Report. Here, the Report of Sale was filed on February 8, 2006. This period allows potential claimants time to file notices of claim to any surplus monies. *See id.* at § 1361. Mortgage Electronic, however, filed its motions within six weeks of the date the Report was filed. The motion cannot be made until a period of three months has passed. *Id.* at § 1355(2).

Second, the motions are incomplete and do not contain the necessary documentation needed for the Court to determine the priority of the lien holders and proper distribution of the surplus monies. In addition to the procedural irregularities and clerical omissions in the pending motions, *see* fn.1 *supra*, Mortgage Electronic's motions did not comport with New York Real Property Actions and Proceedings Law §§ 1355 and 1361. Section 1355 provides that the moving party shall

---

[1] On March 2, 2006, by Dkt. #18, Mortgage Electronic filed a motion consisting of an attorney affirmation of Lisa Wallace, Esq., the affidavit of Carri Martin, together with Exhibits A and B, a proposed Order, and an Affidavit of Service indicating that a document entitled "Order for Distribution" was served on all parties. The motion contained no notice of motion. Nor was the motion accompanied by a proper Affidavit of Service concerning the motion itself, which did not include an "Order for Distribution." On March 23, 2006, without explanation, Mortgage Electronic filed a second motion (Dkt. #19) consisting of a notice of motion, an attorney affirmation of Lisa Wallace, Esq., and Exhibits A and B. Carri Martin's affidavit was not included, despite reference to it in the motion papers. Nor was an Affidavit of Service filed.

present with the motion papers a proper voucher for the surplus monies showing that they have been paid into Court, a Certificate of the Clerk specifying the Notices of Claim to the surplus monies, if any, and an affidavit showing any other unsatisfied lien on the property. Moreover, pursuant to Section 1361(2), Mortgage Electronic must file the motion "on notice to all parties who have filed a notice of claim on the surplus monies." Section 1361(3) further requires that any person "who has a recorded lien against the property shall be given notice by mail or in such other manner as the court shall direct, to attend any hearing on disposition of surplus money."

Any motion for confirmation of the Report of Sale and distribution of surplus monies, therefore, should include admissible evidence regarding any other persons that have unsatisfied liens or judgments against the property, whether recorded before or after the commencement of the foreclosure action. Often, this information is presented by affidavit, and accompanied by a true and correct copy of a title search. If there be no such lien holders or judgment creditors besides the moving party, that fact should be set forth in an affidavit as well. Further, the motion should be accompanied by an Affidavit of Service setting forth precisely who was served with a copy of the motion, and thus given notice of the surplus money proceeding.

## CONCLUSION

Mortgage Electronic's motions (Dkts. #18 and #19) are denied without prejudice. Mortgage Electronic may refile another motion after the three-month waiting period has expired. Any subsequently filed motion should be made in accordance with this Decision and Order, as well as the procedural requirements of both the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the Western District of New York.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 1, 2006.

- 4 -