UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                            Plaintiff,

                                                                                          DECISION AND ORDER

                                                                                           05-CV-6128L

                                              v.

BEVERLY J. MOORE, also known as
Beverly J. Kellar, et al.,

                                            Defendants.
_____

       This is mortgage foreclosure action brought by the United States to foreclose a mortgage executed by defendant Beverly Moore and recorded on March 8, 1978, to secure a promissory note covering certain real property in Chemung County, New York.  Defendant Mortgage Electronic Registration Systems, as nominee for Household Financial Services ("Mortgage Electronic"), is the holder of a second mortgage on the property, recorded on January 21, 2000.

       A Judgment of Foreclosure and Sale was filed by the Court on July 18, 2005, authorizing the sale of the property by the United States Marshal at public auction.  (Dkt. #13).  On November 30, 2005, after due notice, the property was sold at auction in accordance with the terms set forth in the Judgment to Applegate Development, LLC, for $70,000.  On December 19, 2005, defendant Mortgage Electronic filed a Notice of Claim to surplus monies in the amount of $39,650.24.  (Dkt. #15).

On February 8, 2006, the United States Marshal filed a Report of Sale setting forth the disposition of the proceeds of such sale. The Report provides that, after paying the amounts directed in the Judgment from the proceeds of such sale, including the debt owed on the note, with interest, and the expenses relating to the sale, there remained a surplus of $10,228.16. (Dkt. #17). This surplus, $10,228.16, was deposited with the Clerk of the Court for later distribution.

Defendant Mortgage Electronic now moves for confirmation of the report of sale and for distribution of the surplus monies.[1] (Dkt. #22). Mortgage Electronic claims that its lien is next in priority after the mortgage foreclosed, and that it is owed $39,650.24 as second mortgagee. Mortgage Electronic claims entitlement to the whole of the surplus money, $10,228.16. No other claim to the surplus monies was filed with the Court.

Pursuant to New York Real Property Actions and Proceedings Law §§ 1355 and 1361, Mortgage Electronic has properly filed its claim and documented its entitlement to the surplus monies. The motion was made on notice to all relevant parties and was supported by admissible evidence (including a title search) clearly demonstrating that there are no other lien holders or judgment creditors that may be entitled to make a claim. Sufficient evidence of Mortgage Electronic's debt and priority to the surplus monies has been presented to the Court. *See Franklin Credit Management Corp. v. Pearlman,* 16 A.D.3d 617 (2nd Dept. 2005).

---

[1] Mortgage Electronic previously moved for confirmation of the report of sale and for distribution of the surplus monies (Dkts. #18, #19). Those motions were denied as premature and because necessary documentation was lacking. (*See* Decision and Order, Dkt. #20).

**CONCLUSION**

Upon all the pleadings and proceedings had herein, by all of which it appears to the satisfaction of the Court that the plaintiff is in all respects entitled to the relief herein granted, it is

ORDERED and ADJUDGED, that the Report of Sale of the United States Marshal (Dkt. #17) in this matter be and the same hereby is in all respects ratified and confirmed, and the sale therein mentioned be and hereby is absolute and binding forever;

IT IS FURTHER ORDERED, that the Clerk of the District Court is directed to distribute the surplus monies in the amount of $10,228.16, deposited in connection with this mortgage foreclosure proceeding, to:

>Mortgage Electronic Registration Systems, Inc., as nominee for Household Financial Services, Attention: Lisa Wallace, Esq., McCabe, Weisberg & Conway, P.C., 53 West 36th Street, Suite 205, New York, New York 10018;

IT IS FURTHER ORDERED, that all other claims to the surplus monies are hereby extinguished.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
    November 2, 2006.